UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARC J. GRENIER, CONSERVATOR, AND LINDA PARHAM<br>Plaintiffs, | \*<br>\*<br>\*<br>\* |
| v. | \*   3:14-CV-00588-JBA<br>\* |
| GLOBAL COMPANIES, LLC and GLOBAL PARTNERS, LP<br>Defendants. | \*<br>\*<br>\*   NOVEMBER 17, 2014 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

**COUNT ONE:**

1.  Plaintiff Marc J. Grenier, conservator of the person of Kevin D. Parham, Sr., and plaintiff Linda Parham are citizens of the state of Connecticut

2.  Defendant Global Companies, LLC is a citizen of the state of Delaware with a principal place of business in Waltham, Massachusetts, and defendant Global Partners, LP is a citizen of the state of Delaware with a principal place of business in Waltham, Massachusetts.

3.  The amount in controversy, exclusive of interest and costs, exceeds $75,000, the sum specified by 28 U.S.C. § 1332.

4.     The Court has jurisdiction over the subject matter jurisdiction pursuant to 28 U.S.C. §1332.

5.     Venue is proper in the District of Connecticut because the events giving rise to this cause of action arose within this District.

6.     On May 10, 2012 and at all times relevant to this action, the defendants possessed, controlled, managed and operated fuel oil storage, sale and distribution facilities, including tanker truck filling/loading racks and apparatus, at a location on Eagles Nest Road in Bridgeport, Connecticut.

7.     On May 10, 2012 Kevin D. Parham, Sr. was employed by Kaufman Fuel, one of defendants' fuel customers, as a tanker delivery truck driver.

8.     On May 10, 2012 Kevin D. Parham, Sr. was at defendants' Eagles Nest Road facility for purposes of filling his employer's tanker delivery truck with fuel oil purchased from defendants using defendants' fuel oil sale and distribution facilities including their tanker truck filling/loading racks and apparatus.

9.     Despite the fact that defendants' facilities and tanker truck loading racks and apparatus were designed and being operated in a way that required customers and users such as Kevin D. Parham, Sr. to be and remain at height and often on top of a

tanker delivery truck in order to operate defendants' loading apparatus, defendants had no fall prevention/protection systems in place to secure and protect users.

10. In connection with filling/loading operations on May 10, 2012, Kevin D. Parham, Sr. fell to the ground from the top of a tanker delivery truck, causing severe and permanent injuries, harms and losses.

11. Kevin Parham's injuries, harms and losses are a direct and proximate result of defendants' negligence in failing to keep its facilities, including its tanker truck filling/loading racks and apparatus, in a reasonably safe condition for reasonably anticipated uses and by failing to install and maintain safety cages or adequate fall prevention/protection systems to secure and protect users during filling/loading operations.

12. As a result of the defendants' negligence and plaintiff's resulting fall, Kevin D. Parham, Sr. suffered the following injuries, some or all of which are permanent:

    a. skull fractures;

    b. traumatic brain injuries;

    c. left intra-articular non-displaced distal radius fracture;

    d. right scapular body fracture;

    e. right T8 transverse process fracture;

  f. upper extremity and back injuries;

  g. aphasia;

  h. cognitive impairment;

  i. speech impairment;

  j. severe physical pain;

  k. emotional distress; and

  l. other physical injuries.

13. As a result of defendants' negligence and Kevin D. Parham, Sr.'s resulting fall, Mr. Parham lost wages, and his capacity to earn and to remain employed in the competitive job market has been significantly impaired.

14. As a result of defendants' negligence and Kevin D. Parham, Sr.'s resulting fall, Mr. Parham has incurred and will continue to incur expenses for medical care, treatment and rehabilitative support, services and equipment.

15. As a result of defendants' negligence and Kevin D. Parham, Sr.'s resulting fall, Mr. Parham's capacity to enjoy and participate in life's activities, to the extent and in the manner he did previously, has been significantly impaired.

**COUNT TWO:**

1-15.   Paragraphs 1 through 15 of COUNT ONE are hereby incorporated as Paragraphs 1 through 15 of COUNT TWO as if more fully set forth herein.

16.   Linda Parham is the wife of Kevin D. Parham, Sr. and has suffered a loss of consortium, including household services and other marital supports and care as a direct and proximate result of Kevin Parham's May 10, 2012 fall and resulting injuries.

THE PLAINTIFFS,

By: _____
Eric P. Smith (ct16141)
esmith@faxonlawgroup.com
FAXON LAW GROUP LLC
59 Elm Street
New Haven, CT 06510
(203) 624-9500 (Tel)

## CERTIFICATION OF SERVICE

I certify that, on November 17, 2014 the foregoing *Amended Complaint* was transmitted to all counsel of record as follows:

Joseph J. Perrone
Matthew M. Gorden
jperrone@gmplawfirm.com
mgorden@gmplawfirm.com
**Giuliano, McDonnell & Perrone, LLP**
494 Eighth Ave, 7th Floor
New York, NY  10001
(646) 328-0120 (T)

BY: _____
Eric P. Smith (ct16141)
esmith@faxonlawgroup.com